IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ERIC CHATMON,

        Plaintiff,                    No. CIV S-05-2083 FCD EFB P

    vs.

S. DOYLE, et al.,

        Defendants.          <u>ORDER</u>

                               /

        Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On November 6, 2006, plaintiff filed a document styled as a request for an extension of time. The request seeks an enlargement of time in all of his cases pending in this court, and seeks assistance with several other matters. The document has been filed in all cases referenced by plaintiff's filing. (*See* case numbers CIV S-05-1593 GEB EFB, CIV S-05-1594 MCE DAD, CIV S-05-1595 DFL GGH, CIV S-05-2317 DFL DAD, and S-05-2083 FCD EFB). Although plaintiff has included this case among his request, there are no pending deadlines or due dates pending herein to extend. Therefore, the request is denied.

        He also makes several allegations regarding conditions at the facility where he is currently housed and requests that the court send investigators to visit him. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by

Congress. *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for investigators. *See* 28 U.S.C. § 1915. Accordingly, that request is denied.

Plaintiff further seeks transfer to federal custody. This request is also denied. Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Nor does an inmate have a constitutional right to any particular classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Inmates have no federal constitutional right to particular procedures established by state law. *Toussaint v. McCarthy*, 801 F.2d 1080, 1096-97 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests filed November 6, 2006, are denied.

Dated: December 4, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE